# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

**No. 19-5304**

DAMIEN GUEDES, ET AL.,
> APPELLEES

FIREARMS POLICY COALITION, INC.,
> APPELLANT

v.

BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND
EXPLOSIVES, ET AL.,
> APPELLEES

**September Term, 2020**

FILED ON: OCTOBER 30, 2020

---

Appeal from the United States District Court
for the District of Columbia
(No. 18-cv-02988)

---

Before: HENDERSON and ROGERS, *Circuit Judges*; and GINSBURG, *Senior Circuit Judge*.

## J U D G M E N T

This appeal from the order of the United States District Court for the District of Columbia granting the Defendants' motion to dismiss was considered on the record from the district court and the briefs filed by the parties. *See* Fed. R. App. P. 34(a)(2); D.C. Cir. R. 34(j). The court has accorded the issues full consideration and has determined a published opinion is not warranted. *See* D.C. Cir. R. 36(d). For the reasons stated below, it is hereby

**ORDERED** and **ADJUDGED** that the judgment of the district court be affirmed.

The Firearms Policy Coalition (FPC), a membership organization, sought declaratory and injunctive relief related to the President's alleged policy of filling positions requiring Senate confirmation with non-Senate confirmed employees, including his designation of Matthew Whitaker to serve as Acting Attorney General. The district court correctly dismissed the case because the plaintiff does not have standing to sue.

The FPC's complaint alleged no plausible imminent or ongoing injury. Instead the complaint hypothesized the sort of improbable chain of future events this Court has held does not

satisfy the injury-in-fact requirement for Article III standing.  *See Arpaio v. Obama*, 797 F.3d 11, 19-21 (D.C. Cir. 2015).  More specifically, the FPC claims representational standing based solely upon the probability that a member might be harmed in the future, the theory of standing rejected in *Summers v. Earth Island Institute*, 555 U.S. 488, 497-500 (2009) (concluding this approach "would make a mockery of our prior cases, which have required plaintiff-organizations to make specific allegations establishing that at least one identified member had suffered or would suffer harm").  It also claims organizational standing but did not allege any injury it did not inflict upon itself.  *See Am. Soc. for Prevention of Cruelty to Animals v. Feld Entm't, Inc.*, 659 F.3d 13, 25 (D.C. Cir. 2011) ("Under our case law, an organization's diversion of resources to litigation or to investigation in anticipation of litigation is considered a 'self-inflicted' budgetary choice that cannot qualify as an injury in fact for purposes of standing" (citation omitted)).

Finally, the FPC challenges on appeal Attorney General Barr's ratification of the regulation concerning bump stocks promulgated by then-Acting Attorney General Whitaker.  *See* Bump-Stock-Type Devices, 84 Fed. Reg. 9,239 (Mar. 14, 2019).  Because the FPC did not raise this argument below, it is forfeited.  *See Government of Manitoba v. Bernhardt*, 923 F.3d 173, 179 (D.C. Cir. 2019).  There are no extraordinary circumstances here that would excuse the FPC's forfeiture.  *See id.*

The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  *See* Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**<u>Per Curiam</u>**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:  /s/
Daniel J. Reidy
Deputy Clerk